UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIE GIBSON                                    CIVIL ACTION

VERSUS                                           NO: 10-136

WAL-MART STORES, INC. ET AL           SECTION: J(3)

## ORDER

Before the Court is Plaintiff Marie Gibson's **Motion to Remand to State Court (Rec. Doc. 10)** and Defendant Wal-Mart Stores, Inc.'s **Response in Opposition (Rec. Doc. 13).**

## PROCEDURAL AND FACTUAL BACKGROUND

On November 25, 2009, Marie Gibson ("Plaintiff") filed suit against Wal-Mart Stores, Inc. and ABC Insurance Company for retaliatory discharge under La. R.S. 23:1361, which prohibits employers from discharging an employee for "having asserted a claim for benefits" under Louisiana's Worker's Compensation Act. La. R.S. 23:1361(B). On January 19, 2010, Defendant Wal-Mart Stores timely filed a Notice of Removal on the grounds that the action was between diverse parties and the requisite jurisdictional amount was satisfied.

Subsequently, Plaintiff filed this Motion to Remand to State Court pursuant to 28 U.S.C. § 1445(c), which states, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

**PARTIES' ARGUMENTS**

Plaintiff argues that 28 U.S.C. § 1445(c) bars removal of her claim to this Court. She cites Adams v. National Medical Enterprises, Inc., 1992 WL 202366 (E.D. La. Aug. 12, 1992), for the proposition that her retaliatory claim arises under the worker's compensation laws of Louisiana. Plaintiff also relies on the Fifth Circuit's opinion in Jones v. Railway Express, Inc., 931 F.2d 1086 (5th Cir. 1991), which highlights the importance of the retaliation provision to the worker's compensation scheme and concludes that such a provision arises under the state worker's compensation laws.

Defendant argues that the Louisiana Supreme Court has spoken on whether retaliatory discharge claims under La. R.S. 23:1361 arise under the state worker's compensation laws. Defendant urges that in Sampson v. Wendy's Management, Inc., 593 So. 2d 336 (La. 1992), the Louisiana Supreme Court confirmed that a retaliatory discharge claim under La. R.S. 23:1361 constitutes a delictual employment law matter rather than a worker's compensation matter. Defendant further argues that the issue of wrongful termination bears no relation to the Louisiana Worker's Compensation Act.

In her reply memorandum, Plaintiff argues that Sampson is distinguishable. Plaintiff argues that the present issue deals with federal subject matter jurisdiction while Sampson dealt with whether claims under La. R.S. 23:1361 should be handled in

2

Louisiana district courts or in front of administrative hearing officers of the Office of Worker's Compensation Administration (OWCA).

Defendant disagrees with Plaintiff's interpretation of Sampson and argues that Sampson is not distinguishable from the facts in this case. Having considered the motion and legal memoranda, the record, and applicable law, this Court finds as follows:

**DISCUSSION**

In a removal case, the removing party bears the burden of proving that jurisdiction exists. See Piacun v. Swift Energy Operating, LLC, 2010 WL 989183, at *1 (E.D. La. Mar. 15, 2010) (citing In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. Feb. 14, 1991)) (stating it is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper). Id. Accordingly, Defendant, as the party invoking jurisdiction of this Court, bears the burden of proving that jurisdiction exists. Id. Any doubt as to whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000), citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).

Defendant removed this action to this Court based on

original federal jurisdiction in diversity cases pursuant to 28 U.S.C. § 1332(a). Plaintiff does not dispute that the requirements of § 1332(a) are satisfied, but instead questions the propriety of removal on the basis of 28 U.S.C. § 1445(c), a federal statute which prohibits removal of a claim arising under a state's workmen's compensation laws. Therefore, this Court must address the issue of whether Plaintiff's La. R.S. 23:1361 claim is one arising under Louisiana's Worker's Compensation Act, thereby implicating § 1445(c) and barring removal to federal court.

Defendant argues that <u>Sampson v. Wendy's Management, Inc</u>., 593 So. 2d 336 (La. 1992), is dispositive of the issue. In <u>Sampson</u>, the Louisiana Supreme Court addressed whether state district courts were divested of jurisdiction in an action for alleged retaliatory discharge by an employee who was terminated after she received worker's compensation benefits. <u>Id.</u> at 336-37. The question of jurisdiction arose because at the time, Art. V, § 16 of the Louisiana Constitution had recently been amended to state that Louisiana district courts were divested of "jurisdiction of worker's compensation matters where administrative agency determinations are provided for such matters by law." <u>Id.</u> The Louisiana Supreme Court held that the amendment did not apply to causes of action for retaliatory discharge under 23:1361 because retaliatory discharge claims

4

constitute a delictual employment law matter rather than a worker's compensation matter. Therefore, the Court held that Louisiana district courts had not been divested of jurisdiction for matters related to 23:1361. Id. at 339.

Defendant believes that this Court should rely on the rationale used in Sampson. However, in Adams, 1992 WL 202366, a court in this district addressed the issue of whether 23:1361 could be considered a matter relating to worker's compensation. In Adams, much like the case at hand, the plaintiff filed suit in state court under La. R.S. 23:1361 for retaliatory discharge after she received worker's compensation benefits. Id. at *1. The defendant removed the case to federal court on the basis of diversity and the Plaintiff moved to remand, arguing that § 1445(c) barred removal of her retaliatory discharge claim. Id. The Court expressly considered, and declined to use, the rationale in Sampson, stating:

> In Sampson, the court considered whether the Louisiana administrative system for processing worker's compensation laws governed retaliatory discharge claims. The court logically concluded that the system did not . . .. That interpretation of the Louisiana statute does not lead to the conclusion that a damage claim for retaliatory discharge following a worker's compensation claim is not a claim "arising under the workmen's compensation laws of" Louisiana.

Adams, 1992 WL 202366 at * 2. But cf. Charles v. Transit Management of Southeast Louisiana, 1994 WL 479105 (E.D. La. 1994) (Sear, J.) (extending Sampson and holding that there was no bar

5

to removal because the 23:1361 claim was a delictual employment law matter rather than a worker's compensation matter).

This Court agrees with the conclusions in Adams. "The purpose of the Louisiana statute is 'the prevention of unjust dismissals where employees are terminated for asserting their rights to worker's compensation benefits.'" Id. citing Sampson, 593 So. 2d at 338. Just because 23:1361 does not apply exclusively to worker's compensation, does not change the fact that the statute "was clearly enacted to safeguard [Louisiana's] workers' compensation scheme." Adams, 1992 WL 202366 at * 2 (citing Jones v. Roadway Express, 931 F.2d 1086, 1092 (5th Cir. 1991)). Further, although the Fifth Circuit has not addressed whether this specific statute arises under the worker's compensation laws, the Court has held that a Texas statute, which is similar to 23:1361, arose under Texas' worker's compensation laws. See Jones, 931 F.2d at 1092.

The Adams and Jones holdings are "consistent with the strong congressional policy underlying section 1445(c) that state workmen's compensation cases should remain in state court." Adams, 1992 WL 202366 at * 2. Such cases have "little real business in a federal court." Id. Therefore, this Court finds that Plaintiff's 23:1361 claims arise under Louisiana's workers compensation laws, and that pursuant to 28 U.S.C. § 1445(c), removal was barred.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand Action to State Court is hereby **GRANTED**.

New Orleans, Louisiana, this  5th  day of April, 2010.

_____
United States District Judge